## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DCOMM, INC.,<br><br>                Plaintiff<br><br>     vs.<br><br><br>PNC BANK NATIONAL ASSOCIATION,<br><br>                Defendant. | Civil Action No. __1:22-cv-00500__<br><br>(Removal from the 53rd District Court of Travis County, Austin, Texas D-1-GN-22-001751) |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendant PNC Bank, N.A. ("PNC" or "Defendant"), hereby gives notice of the removal of the above-captioned matter from the 53rd District Court of Travis County, Austin, Texas (Case No. D-1-GN-22-001751), to the United States District Court for the Western District of Texas.  As more fully set forth below, this action is properly removable under the federal question statute, 28 U.S.C. § 1331, the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the federal diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1).

## I.     BACKGROUND

1.     Plaintiff DComm, Inc. ("Plaintiff") commenced this action on April 13, 2022 by filing its Original Petition ("Petition") with the 53rd District Court of Travis County, Austin, Texas, which docketed the Petition at Case No. D-1-GN-22-001751 (the "State Court Action"). On April 21, 2022, PNC was served with a copy of the Petition by hand delivery.  This Notice therefore is timely filed by PNC under 28 U.S.C. § 1446(b).  Copies of all process and pleadings served on PNC in the State Court Action are attached hereto as **Exhibit A**.

2.      In its Petition, Plaintiff alleges that it applied for a Paycheck Protection Program ("PPP") loan ("PPP Loan") through BBVA USA ("BBVA").  Ex. A, ¶ 9.

3.      Plaintiff avers that BBVA merged into PNC in 2021, with PNC as the surviving entity, such that PNC (which Plaintiff refers to in the Petition as including BBVA, unless otherwise indicated) allegedly succeeded to BBVA's assets and liabilities.  *Id.*

4.      Plaintiff alleges that it applied for a PPP loan through BBVA, seeking a loan in the amount of $3,867,982.35 and that the Small Business Administration ("SBA") and BBVA approved Plaintiff's first draw PPP Loan in the amount of $3,867,982.35 on or about April 13, 2020.  *Id.* ¶ 10.

5.      In 2021, Plaintiff sought forgiveness of the PPP Loan.  Plaintiff alleges that PNC told Plaintiff that Plaintiff's loan had been "overfunded" by $1,267,915.00 and "that payments made by Plaintiff to independent contractors should not have been used to calculate loan amount eligibility."  *Id*. ¶ 11.

6.      Plaintiff states that "[a]ny overfunding is a result of [BBVA]'s misrepresentations on how the loan eligibility amount should have been calculated."  *Id.* ¶ 12.

7.      Plaintiff's Petition asserts two causes of action against PNC[1]: (1) negligent misrepresentation; and (2) violation of the Texas Deceptive Trade Practices Act.[2]

8.      Claims disputing proper adherence to federal rules and regulations governing a federal government program administered by a federal agency belong in federal court.  Claims disputing a private party's federally-mandated actions to assist and/or help carry out the tasks of a

---

[1]      PNC hereinafter is referred to as including BBVA, to track Plaintiff's allegations for purposes of this Notice of Removal, only.

[2]      Plaintiff appears to list "C) Pre and Post Judgment Interest & Costs" as a type of claim, *see* Ex. A, ¶¶ 29, 30, but it instead is a form of relief.

federal agency also belong in federal court.  In addition, federal courts have jurisdiction over civil actions involving citizens of different states and an amount in controversy greater than $75,000. Removal therefore is appropriate in this case for three reasons: (1) Plaintiff's claim raises substantial and disputed federal questions under *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); (2) PNC acted as a "federal officer" on behalf of SBA when processing Plaintiff's PPP Loan for the federal government; and (3) the parties are diverse within the meaning of 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000.

9.      Accordingly, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1442(a)(1), and 28 U.S.C. § 1332(a)(1), and with reservation of all defenses, PNC gives notice of removal of this civil action.

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S PETITION BECAUSE IT RAISES SUBSTANTIAL FEDERAL QUESTIONS UNDER 28 U.S.C. § 1331.

10.     Removal of Plaintiff's state court Petition to federal court is proper because the Petition raises federal questions that are disputed and fundamentally important to the federal government.

11.     The federal question statute, 28 U.S.C. § 1331, gives federal district courts original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States."

12.     The PPP, enacted under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and implemented through SBA, is the product of one such federal law.

13.     The CARES Act was enacted "to provide emergency assistance and health care response for individuals, families and businesses affected by the coronavirus pandemic."  April 15, 2020 IFR, 85 Fed. Reg. 20,811.  As part of this relief, Congress established the PPP to provide emergency loans to qualifying businesses.  *Id.*; § 1102(a)(2)(F)(ii)(I).

14.     The PPP was codified in Section 7(a) of the Small Business Act.  Under the PPP, government-guaranteed loans are made to businesses via private lenders.  These private lenders work under SBA's direction and "shall be deemed to have been *delegated authority* by the [SBA] Administrator to make and approve covered loans, subject to the provisions of this paragraph."  15 U.S.C. § 636(a)(36)(F)(ii)(I) (emphasis added).

15.     Federal removal is proper where a state court claim implicates a substantial and disputed federal issue, and where federal adjudication will not disrupt the balance of federal and state judicial responsibilities.  *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005).  The *Grable* doctrine is grounded in the "commonsense notion" that a federal court should hear claims that "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.  This removal squarely satisfies the *Grable* doctrine's requirements.

16.     Here, the crux of Plaintiff's Petition challenges the legality of PNC's actions when processing Plaintiff's PPP Loan under the guidance and control of SBA.  Ex. A, ¶¶ 11-18.  Under Plaintiff's theory, had PNC properly informed Plaintiff of SBA's PPP directives, Plaintiff would have been aware that "prior payments to independent contractors are not to be included in determining the loan amount, nor are subsequent payments to them eligible for forgiveness," and would not have obtained a PPP Loan ineligible for full forgiveness. *Id.* ¶¶ 11, 12, 6-18.

17.     Plaintiff's claim necessarily requires review of federal legislative and agency directives – here, SBA's determination of PPP loan eligibility.  Plaintiff's claim also requires interpretation of federal regulations, interim rules, and agency guidance governing approved lenders' processing of PPP loans.

18.     As such, resolution of Plaintiff's claim is grounded in the substantial, and indeed fundamental, federal issues of whether the CARES Act's framework of implementing regulations, interim rules, and agency guidance required PNC to process the PPP Loan in a certain manner for SBA, and whether PNC complied with those requirements.

19.     These key issues are vigorously disputed by PNC.  PNC contends, among other things, that Plaintiff's claims are based on a misunderstanding of PNC's and SBA's prescribed roles in the PPP process.  PNC also disputes that it can be held liable for executing the directives of SBA.

20.     The fundamental federal issues raised by Plaintiff's Petition – all of which are more appropriately resolved in federal court than in state court – can be resolved in this forum without disrupting the federal-state balance.  *See also Mayo v. United States*, 319 U.S. 441, 445 (1943) (recognizing the well-settled principle that "the activities of the Federal Government are free from regulation by any state").

21.     Therefore, as Plaintiff's state court claims necessarily arise under federal law, this Court has jurisdiction under 28 U.S.C. § 1331.

## III.    THIS COURT ALSO HAS SUBJECT MATTER JURISDICTION UNDER THE FEDERAL OFFICER REMOVAL STATUTE, 28 U.S.C. § 1442(a)(1).

22.     The federal officer removal statute, 28 U.S.C. § 1442(a)(1), provides a second, independent basis for PNC to remove Plaintiff's claim to federal court.  This basis for removal ensures that defenses arising out of federal officers' duty to enforce federal law are litigated in federal court.  *Benson v. Russell's Cuthand Creek Ranch, Ltd.*, 183 F. Supp. 3d 795, 800 (E.D. Tex. 2016).

23.     The federal officer removal statute authorizes the removal of a state court action against "any officer (*or any person acting under that officer*) of the United States or of any agency

thereof, in an official or individual capacity, for or relating to any act under color of such office."

28 U.S.C. § 1442(a)(1) (emphasis added).

24.     A private party "acts under a federal officer's direction when, through a contract

with the government, it performs actions that, 'in the absence of [the] contract . . . the Government

itself would have had to perform.'"  *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, No.

3:20-CV-02112-X, 2022 U.S. Dist. LEXIS 49339, at *6 (N.D. Tex. Mar. 21, 2022) (quoting

*Watson v. Philip Morris Cos.*, 551 U.S. 142, 154 (2007)).

25.     "The federal officer removal statute, however, must be liberally interpreted because

of its broad language and unique purpose."  *Garcia v. Swift Beef Co.*, No. 2:20-CV-263-Z, 2021

U.S. Dist. LEXIS 126462, at *3 (N.D. Tex. July 7, 2021) (citing *Watson*, 551 U.S. at 147).

26.     Here, removal under the federal officer removal statute is proper because (1) PNC

is a "person" within the meaning of the statute; (2) Plaintiff's claim is based on PNC's conduct in

"acting under" the United States, its agencies, or its officers; (3) Plaintiff's claim against PNC is

"for, or relating to" an act under color of federal office; and (4) PNC raises colorable federal

defenses to Plaintiff's claim.  *See, e.g.*, *Benson*, 183 F. Supp. 3d at 800 ("To properly remove a

case under the Federal Officer Removal Statute, the removing party must show that the removing

contractor defendant: (1) is a 'person'; (2) acting at the direction of an officer of the United States

and that a causal nexus exists between the defendant's actions under color of federal office and

plaintiff's claims; and (3) asserts a colorable federal defense.") (citing *Faulk v. Owens-Corning

Fiberglass Corp.*, 48 F. Supp. 2d 653, 659 (E.D. Tex. 1999) (other citations omitted).

**A.  PNC is a "Person" Under the Federal Officer Removal Statute.**

27.     Any "person" acting under a federal officer may remove an action to federal court

pursuant to Section 1442(a)(1).

28.     Because the federal officer removal statute does not define "person," courts look to 1 U.S.C. § 1 for the definition of "person."  *See In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 467 (3d Cir. 2015) (holding that courts "look to 1 U.S.C. § 1, which defines the term to 'include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.'"); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010); *Grider Drug, LLC v. Express Scripts, Inc.*, No. 1:09-cv-00095, 2009 U.S. Dist. LEXIS 107515, at *5 (W.D. Ky. Nov. 17, 2009).

29.     Title 1, Chapter 1 of the U.S. Code defines "person" to "include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."  1 U.S.C. § 1.

30.     Furthermore, Courts in the Fifth Circuit have recognized that corporations are considered "persons" for the purposes of Section 1442(a)(1).  *Winters v. Diamond Shamrock Chem. Co.*, 901 F. Supp. 1195, 1198 (E.D. Tex. 1995) ("This court finds that [the corporation] defendants are considered 'persons' for purposes of this [Section 1442(a)(1)] statute."); *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268, 271 n.2 (5th Cir. 2014) ("It is undisputed that a corporate entity may be a 'person' for purposes of § 1442(a)(1).")

31.     Accordingly, PNC, as a national banking association, is therefore considered a "person" under the federal officer removal statute.

**B.     As a Lender Working Under SBA's Delegated Authority, PNC is "Acting Under" a Federal Officer.**

32.     "Under section 1442(a)(1), a 'private person's acting under must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior.'" *Wazelle v. Tyson Foods, Inc.*, No. 2:20-CV-203-Z, 2021 U.S. Dist. LEXIS 119085, at *8 (N.D. Tex. June 25, 2021) (quoting *Watson*, 551 U.S. at 152) (emphasis in original).

- 7 -

33.     "Although the words 'acting under' are undoubtedly broad, the Supreme Court has clarified that they must refer to a relationship that involves acting in a certain capacity, considered in relation to one holding a superior position or office.'" *Id.* (quoting *Zeringue v. Crane Company*, 846 F.3d 785, 792 (5th Cir. 2017)).

34.     "A defendant acts under a federal officer's directions when it acts under a contract with the federal government to perform 'a job that, in the absence of a contract with a private firm, the Government itself would have had to perform.'" *Cloyd v. KBR, Inc.*, 536 F. Supp. 3d 113, 120 (S.D. Tex. 2021) (citing *Watson*, 551 U.S. at 154).

35.     Plaintiff's claims are based squarely on PNC's actions under a federal officer. Plaintiff challenges PNC's actions as a lender working under SBA's delegated authority to facilitate the processing of SBA's PPP loans under the CARES Act.  In its capacity as a lender under the CARES Act, PNC assists SBA in achieving the goal of the CARES Act – "provid[ing] immediate assistance to individuals, families, and businesses affected by the COVID-19 emergency" – April 15, 2020 IFR, 85 Fed. Reg. 20,811-12, by providing emergency loans to small businesses.  *Id.*; § 1102(a)(2)(F)(ii)(I).  By providing such assistance to SBA, PNC is clearly "acting under" a federal officer.  *See Benson*, 183 F. Supp. 3d at 802 (holding that the defendant "acted under" the United States Department of Agriculture due to the "'detailed supervision and control' over the design and construction" of a levee system and because the defendant's "relationship to [the United States Department of Agriculture] was more than a quasi-contractor . . . [but rather] in many ways [defendant] stood fully in the place of the government[.]").

36.     Further, the CARES Act amended section 7(a) of the Small Business Act (15 U.S.C. § 636(a)) to make clear that "a lender approved to make loans under this subsection shall be deemed to have been *delegated authority by the [SBA] Administrator to make and approve covered*

*loans*, subject to the provisions of this paragraph." 15 U.S.C. § 636(a)(36)(F)(ii)(I) (emphasis added).

**C.      Plaintiff's Claim "Relates to" Actions Under Color of a Federal Office.**

37.      A party seeking removal must demonstrate "a causal connection exists between what the officer or agent has done while acting under federal authority and the state prosecution." *Winters*, 901 F. Supp at 1199.

38.      "The initial causal connection test is a statutory requirement that 'serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged.'" *Id.* (quoting *Mesa v. California*, 489 U.S. 121, 136 (1989)).

39.      Plaintiff's claim is causally linked to federal duties.  Plaintiff challenges PNC's conduct in connection with processing federal PPP loans under authority delegated by SBA and pursuant to the rules and requirements established by the CARES Act and SBA.  Ex. A. ¶¶ 10-18. This conduct allegedly caused Plaintiff's loan to be "overfunded." *Id.* ¶ 11.

40.      Indeed, the compensatory damages award Plaintiff seeks from PNC is directly tied to the precise amount to which Plaintiff claims it was "overfunded" under SBA's administration of the PPP had PNC complied with its responsibilities as a private lender working on behalf of the agency.  *Id.* ¶ 16.

41.      Therefore, Plaintiff's claim relates to the actions PNC took under color of a federal office.

**D.      PNC Has Colorable Federal Defenses to Plaintiff's Claim.**

42.      The federal officer removal requirement that the defendant identify a federal defense also is broadly construed in favor of federal jurisdiction and only requires the defendant to identify one colorable defense to meet this prong of the removal analysis.  *See Lane v.*

*Halliburton*, No. H-06-1971, 2006 U.S. Dist. LEXIS 63948, at *11 (S.D. Tex. Sep. 7, 2006) ("Only one colorable defense is needed to meet this prong of the [federal officer removal] test.")

43.     As a PPP lender that processes PPP loans on behalf of SBA in accordance with SBA requirements, PNC has colorable federal defenses to Plaintiff's claim.   These defenses include, *inter alia*, that the Petition reflects a misunderstanding of PNC's and SBA's roles in the PPP process; and that by any measure, PNC is immune from liability as a PPP lender for executing Congress and SBA's directives.

44.     For these reasons, this action satisfies all of the requirements for federal officer removal pursuant to 28 U.S.C. § 1442(a)(1).

## IV.    THIS COURT ALSO HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S PETITION BECAUSE THE PARTIES ARE CITIZENS OF DIFFERENT STATES AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS MET.

45.     The State Court Action also is subject to removal pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) because this Court has original jurisdiction (1) based on the parties' complete diversity of citizenship and (2) because the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Shoffeitt v. Wal-Mart Stores Tex., LLC*, Civil Action No. 1:19-cv-156, 2019 U.S. Dist. LEXIS 224980 (S.D. Tex. Dec. 30, 2019) *adopted by, motion denied by, dismissed by Shoffeitt v. Wal-Mart Stores Tex., LLC*, 2020 U.S. Dist. LEXIS 7169 (S.D. Tex., Jan. 15, 2020) (denying motion to remand based upon the federal court having federal diversity jurisdiction pursuant to 28 U.S.C. § 1332).

46.     Plaintiff alleges that it is a domestic corporation with its principal place of business in Travis County, Texas. Ex. A. ¶ 3.

47.     "For the purpose of establishing diversity of citizenship jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and in which it has its principal

place of business." *Sanderson v. Hyder*, No. 3:07-CV-0425-G ECF, 2007 U.S. Dist. LEXIS 35859, at *4 (N.D. Tex. May 16, 2007).  Thus, Plaintiff is a citizen of Texas.

48.    Defendant is a national bank with its main office in Delaware, as set forth in its articles of association.  Declaration of Daniel Connolly in Support of Notice of Removal ("Decl.") Ex. 1 (a true and correct copy of PNC's articles of association).  A national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).  Therefore, Defendant is a citizen of Delaware. *See Schoenbauer v. Deutsche Bank Nat'l Tr. Co.*, No. 3:20-CV-1901-E-BH, 2021 U.S. Dist. LEXIS 26137, at *5 (N.D. Tex. Jan. 26, 2021) (denying motion to remand based on diversity jurisdiction and holding that defendant Deutsche Bank met its burden because it was formed under Delaware law and a Delaware citizen, and therefore diverse from Texas plaintiff).[3]

49.    Accordingly, there is complete diversity between the parties because Plaintiff and Defendant are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

50.    Likewise, the Petition satisfies the amount-in-controversy requirement for removal.

51.    "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [relating to diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."  28 U.S.C. § 1446(c)(2).

52.    "The defendant may satisfy this burden by demonstrating that it is facially apparent from the plaintiff's petition that the claim likely exceeds $75,000.00, or by setting forth the facts

---

[3]    *See also Exxon Corp. v. Duval Cty. Ranch Co.*, 406 F. Supp. 1367, 1369 (S.D. Tex. 1975) (looking to citizenship of surviving corporation, post-merger, for purposes of diversity jurisdiction); *Burch v. Chase Bank of Tex. NA*, Civil Action No. 4:20-cv-00524-O, 2020 U.S. Dist. LEXIS 249633, at *4, *7 & n.3 (N.D. Tex. Nov. 6, 2020) (considering successor national bank's citizenship for diversity purposes); *Cavada v. Bank of Am., N.A.*, A-14-CV-00938-LY-ML, 2015 U.S. Dist. LEXIS 70875, at *5, *7 (W.D. Tex. June 2, 2015) (recommending denial of motion to remand because defendant national bank's citizenship at time of removal controlled for purposes of diversity jurisdiction, not citizenship of entity that merged into national bank), *report and recommendation adopted by* 2015 U.S. Dist. LEXIS 183219 (W.D. Tex. June 19, 2015).

in controversy that support a finding of the requisite amount." *Schoenbauer*, 2021 U.S. Dist. LEXIS 26137, at *6.

53. Here, Plaintiff seeks damages greater than $75,000.00 because Plaintiff alleges it has suffered damages of $1,267,915.00. *See* Ex. A, ¶ 20; *see also id.* ¶ 2 (Plaintiff "seeks . . . monetary relief greater than $250,000.00").

54. While PNC contends that the allegations of the Petition are without merit and that Plaintiff is entitled to no recovery whatsoever, Plaintiff's request for a total of $1,267,915.00 in damages meets the amount-in-controversy requirement for purposes of federal removal. *See Watson v. Provident Life & Accident Ins. Co.*, No. 3:08-CV-2065-G (BD), 2009 U.S. Dist. LEXIS 43423, at *20 (N.D. Tex. May 22, 2009) (denying motion to remand and holding that "the defendant has met its burden of proving, by a preponderance of evidence, that the amount in controversy exceeds $ 75,000").

55. In sum, because this action is between citizens of different States and the claims at issue exceed the sum or value of $75,000, this action satisfies all of the requirements for diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## V.   THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 HAVE BEEN SATISFIED.

56. As noted in Paragraph 1 above, PNC's Notice of Removal is timely under 28 U.S.C. § 1441(b). As required by 28 U.S.C. § 1446(a), all pleadings known to be filed in the State Court Action are attached as Exhibit A.

57. Venue is proper in this District, pursuant to 28 U.S.C. § 1441(a), because the Petition was filed and is currently pending in the 53rd District Court of Travis County, Austin, Texas.

58.     As required by 28 U.S.C. § 1446(d), a copy of this notice is being served today on all parties of record and will be filed with the office of the 53rd District Court of Travis County, Austin, Texas.

59.     Nothing in this Notice of Removal shall be interpreted as a waiver of PNC's right to assert any and all defenses to the Petition.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442(a)(1), and 1446, PNC respectfully removes this action from the 53rd District Court of Travis County, Austin, Texas (Case No. D-1-GN-22-001751), to the United States District Court for the Western District of Texas.

Respectfully submitted,

REED SMITH LLP

By:  _/s/ Kenneth E. Broughton_____
      Kenneth E. Broughton, Jr. (TX # 03087250)
      401 Congress Avenue
      Suite 1800
      Austin, TX 78701
      Telephone:  713 469 3819
      Facsimile:  512-623-1802
      Email:    KBroughton@ReedSmith.com

      *Counsel for Defendant, PNC Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify on May 23, 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF System and was served on Plaintiff DComm, Inc.'s counsel by email and U.S. Mail, first class postage pre-paid, addressed as follows:

Justin M. Welch
Blazier, Christensen, Browder & Virr, P.C.
901 S. Mopac Expy., Bldg. V, Ste. 200
Austin, Texas 78746
jwelch@blazierlaw.com


*/s/ Kenneth E. Broughton*
Kenneth E. Broughton